**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SCOTT JOHNSON,<br><br>          Plaintiff,<br><br>    v.<br><br>MARISSA RANDO, in individual and representative capacity as trustee of The Marissa Rando 2015 Revocable Trust dated January 26, 2015,<br><br>          Defendant. | Case No. 21-cv-00673-BLF<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Re: ECF 11] |

Plaintiff Scott Johnson alleges that Defendant Marissa Rando, in individual and representative capacity as trustee of The Marissa Rando 2015 Revocable Trust dated January 26, 2015, has violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq*. *See* Compl., ECF 1. Defendant, representing herself *pro se*, now seeks to dismiss all claims in the Complaint. *See* Mot., ECF 11. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion suitable for decision without oral argument and VACATES the hearing scheduled for August 5, 2021. For the reasons set forth below, the Court DENIES Defendant's motion to dismiss.

**I.    BACKGROUND**

Plaintiff alleges that he is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments. Compl. ¶ 1. He uses a wheelchair for mobility and has a specially equipped van. *Id.* According to Plaintiff, Defendant, in individual and representative capacity as trustee of The Marissa Rando 2015 Revocable Trust dated January 26, 2015, owned the real property located at or about 354 Umbarger Rd, San Jose, California, upon which "354 Umbarger

1  Rd Center" operates, in July and August 2020 and currently owns the property. *Id.* ¶¶ 2–3.

2  Plaintiff alleges that in July and August 2020, he personally visited 354 Umbarger Rd Center

3  ("Business Center"), a place of public accommodation. *Id.* ¶¶ 8–9. During his visit, he allegedly

4  discovered that Defendant failed to provide wheelchair accessible parking in compliance with the

5  ADA. *Id.* ¶¶ 10–11. Plaintiff alleges that although there was ADA signage in front of a parking

6  space at the Business Center, "[t]he ADA parking space, if it ever existed, has been allowed to

7  fade to oblivion." *Id.* ¶ 12. Plaintiff alleges that the existence of the barriers and the potential

8  existence of other barriers currently deter him from visiting the Business Center and he "will

9  return to the Busines Center . . . once it is represented to him that the Business Center and its

10 facilities are accessible." *Id.* ¶ 20.

11 On January 28, 2021, Plaintiff filed the Complaint, alleging violations of (1) the ADA, 42

12 U.S.C. § 12101 *et seq.*, and (2) the Unruh Act, California Civil Code § 51 *et seq*. Compl. ¶¶ 5–6.

13 On March 3, 2021, Defendant moved to dismiss the Complaint. *See* Mot. Defendant concurrently

14 submitted a declaration in support of her motion. *See* Decl. of Marissa Rando, ECF 12. On March

15 17, 2021, Plaintiff filed an opposition to Plaintiff's motion to dismiss. *See* Opp., ECF 15. On

16 March 25, 2021, Defendant filed a reply to Plaintiff's opposition. *See* Reply, ECF 17. On April 1,

17 2021, Mike Miyaki, Frank Rando, and Dianna Rando each submitted a declaration in support of

18 Defendant's motion to dismiss. *See* Decl. of Mike Miyaki, ECF 19; *see* Decl. of Frank Rando,

19 ECF 20; *see* Decl. of Diana Rando, ECF 21.

20 **II.    LEGAL STANDARD**

21   **A.    Federal Rule of Civil Procedure 12(b)(1): Lack of Subject Matter Jurisdiction**

22 Federal courts can adjudicate only those cases which the Constitution and Congress

23 authorize them to adjudicate: those involving diversity of citizenship or a federal question, or

24 those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77

25 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th

26 Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject matter

27 jurisdiction."). The Court has a continuing obligation to ensure that it has subject matter

28 jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject

matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

**B.  Federal Rule of Civil Procedure 12(b)(6): Failure to State a Claim**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court needs not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint needs not contain detailed factual allegations, it

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### C. ADA Claim

"The ADA includes three main sections – Title I, which concerns employment discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* § 12131 *et seq.*; and Title III, which governs access to privately operated public accommodations, such as restaurants and movie theaters, *id.* § 12181 *et seq.*" *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013). Plaintiff's claim is asserted under Title III.

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii). To establish a claim under this provision, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied full and equal treatment by Defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir.2007).

## III. DISCUSSION

The Court will first address Defendant's argument for lack of subject matter jurisdiction before turning to the argument that Plaintiff has failed to state a claim under the ADA.

### A. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

Article III standing "is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). The Supreme Court has repeatedly stated that the "irreducible constitutional minimum of standing" consists of three elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). These elements are often referred to as injury in fact, causation, and redressability. *See Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020). Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the existence of Article III standing and at the pleading stage "must clearly allege facts demonstrating each element." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks and citation omitted); *see also Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983) ("The facts to show standing must be clearly apparent on the face of the complaint.").

Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief. "Standing for injunctive relief requires a plaintiff to establish a 'real and immediate threat of repeated injury.'" *Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *5 (N.D. Cal. June 1, 2020) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). Ninth Circuit case law establishes that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-*

United States District Court
Northern District of California

*Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)). In the context of a complaint brought under the ADA, "because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

Defendant alleges that Plaintiff's ADA claim is moot because ADA compliant parking was implemented before the filing of the Complaint. Mot. 5. Plaintiff objects on the ground that (1) the evidence that Defendant uses to prove that the parking is now compliant with the ADA is an unsworn receipt, not an access survey conducted by a Certified Access Specialist ("CASp"), and (2) it is inappropriate to dismiss the ADA claim at this early stage because jurisdiction issues are intertwined with substantive issues. Opp. 2. The Court agrees with Plaintiff that Defendant has no undisputed evidence and it is not absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur.

Defendant's October 15, 2020 CASp inspection report details the general parking upgrades that must be made for the Business Center to become ADA compliant. *See* Decl. of Melissa Rando, Ex. C, CASp Report 11–12, 14–15, 17–18, 20, ECF 12-1.[1] But the CASp Report does not clearly establish that those changes have been made—it only establishes that the changes need to be made.

The January 22, 2021 receipt from Asphalt Consultants & Contractors, Inc., *see* Ex. B, Receipt, ECF 12-1, does not clearly establish that the parking lot is now ADA compliant. The Receipt shows that Asphalt "[p]rovide(d) striping for three (3) Handicap stalls with adjacent unloading zone, path of travel across drive lanes, three (3) concrete wheel stops, install[ed] one (1) R 100 Entrance/Tow Sign, [and] install[ed] one (1) R99c van accessible sign and two (2) R99b

---

[1] Since the CASp Report does not have page numbers, the Court refers to the page numbers of the document as uploaded to the Court's Electronic Case Files ("ECF") online. The numbers can be found on the banner at the top of each page.

6

handicap signs mounted on wall." *See* Receipt. However, there is no evidence, such as photographs of the parking lot or a declaration from a CASp, establishing that those features are compliant with the ADA. Therefore, the Court finds that Plaintiff's ADA claim is not moot because whether the parking is now ADA compliant is still disputed.

Had Defendant submitted undisputed evidence, such as a second CASp inspection report confirming that the changes made brought the parking lot into ADA compliance, Plaintiff's ADA claim would be moot. *See Johnson v. 1082 El Camino Real, LP*, 5:17-cv-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018) (finding an ADA claim moot where "the undisputed evidence" of a second CASp Report "show[ed] that Defendants ha[d] corrected the sole alleged access barrier alleged in the complaint"); *see also Johnson v. Techbusiness Res., LLC*, No. 20-CV-06048-BLF, 2020 WL 7013596, at *2 (N.D. Cal. Nov. 28, 2020) (finding an ADA claim moot because plaintiff submitted a declaration from a CASp stating that none of the alleged access barriers were present and plaintiff "cannot plausibly expect to encounter the alleged barrier in the future"). However, Defendant has not submitted such undisputed evidence, and the Court DENIES Defendant's motion to dismiss on the mootness theory under Rule 12(b)(1).

### B. Rule Under Rule 12(b)(6): Failure to State a Claim

Next, Defendant raises several arguments properly evaluated under the Rule 12(b)(6) standard for failure to state a claim. The Court finds that Defendant's arguments raise factual issues that are inappropriate to decide as a matter of law at the motion to dismiss stage.

#### i. Whether Plaintiff has sued the Proper Defendant

Defendant alleges that she is not a proper defendant for the ADA claim because (1) neither she nor The Marissa Rando 2015 Revocable Trust dated January 26, 2015 has a business interest in the Business Center, and (2) she, as trustee, "has no authority or ability to direct any of the tenant[s] to conduct business in any particular manner, including compliance with the ADA or Unruh," and Plaintiff "has not included any of the tenant[s] as a defendant in this complaint." Mot. 4. Plaintiff responds that (1) Defendant, as the landlord, is responsible for her tenants' non-compliance with the ADA, even she has no interest in her tenants' businesses, and (2) even if her relationship with the property is merely as a trustee, she is still responsible. Opp. 7–9.

7

1   The Court finds that Defendant, as the landlord, is a proper defendant for the ADA claim, even if she has no business interest in or control over the Business Center. "The ADA imposes concurrent obligations on landlords and tenants, and . . . a landlord, as an owner of the property, should be liable for ADA compliance even on property leased to, and controlled by, a tenant." *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1264 (9th Cir. 2015) (citing *Botosan v. Paul McNally Real.*, 216 F.3d 827, 832–34 (9th Cir. 2000). As to Defendant's capacity as a trustee, the question of whether she is a proper defendant under the ADA depends on whether she "owns, leases (or leases to), or operates a place of public accommodation" within the meaning of the ADA. 42 U.S.C. § 12182(a). Here, Plaintiff has alleged that Defendant, in individual and representative capacity as trustee of The Marissa Rando 2015 Revocable Trust dated January 26, 2015, owns the Business Center. Compl. ¶ 3. Accordingly, accepting Plaintiff's well-pled facts as true, the Court find that Plaintiff has alleged Defendant is a proper defendant for the ADA claim.

### ii. Whether the Business Center is a Place of Public Accommodation

Defendant alleges that Plaintiff lacks standing because the Business Center is not a place of public accommodation under the ADA. Mot. 5. While Defendant categorizes this as a "standing" challenge, the Court finds that this is a factual question that should be resolved under the Rule 12(b)(6) standard. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008) (treating question of whether facility is partially open to the public as a question of fact), *Marshall v. Ross Stores, Inc.*, No. CV 20-4703 PSG (PLAx), 2020 WL 8173022, at *4 (C.D. Cal. Oct. 14, 2020) (same).

Defendant relies on the CASp Report dated on October 15, 2020, which states that "[t]he spaces are used as storage and do not have public access" and "recommend[s] providing a sign on each door stating 'No Public Access.'" Mot. 3; CASp Report 9. Plaintiff responds that the inspection report is hearsay which "lacks foundation and personal knowledge." Opp. 2. He further argues that even if the inspection report is admissible, (1) the "No Public Access" statement only applies to "the entry doors off the public way" but not the other doors; (2) since the inspection report states that "not all areas are open to the public," there must be some areas open to the public; and (3) no accessible parking would be required if the entire facility was closed to the

8

public, and the inspection report recommends installing three accessible parking spaces. Opp. 3.

The Court finds Defendant's extrinsic evidence inappropriate to consider at the motion to dismiss stage and that Plaintiff has adequately alleged that the Business Center is at least partially open to the public. Compl. ¶ 9. Additionally, whether those spaces are not open to the public does not address Plaintiff's claim in this case that the parking lot is not ADA compliant.

Defendant is correct that if a facility is not public, employees can refuse to let customers with disabilities use the facility without violating the ADA. *See Doran*, 524 F.3d 1034, 1048 (9th Cir. 2008) (finding that "the exclusion of a disabled plaintiff from an employees-only restroom does not violate the ADA" because "where only part of the facility is open to the public, the portion that is closed to the public is not a place of public accommodation and thus is not subject to Title III of the ADA"); *Marshall*, 2020 WL 8173022, at *4 ("Defendant is correct that if a facility is not public, employees can refuse to let customers with disabilities use the facility without violating the ADA"). However, it is inappropriate to resolve this contested factual dispute at this stage of the case, as the Court must accept all factual allegations as true on a motion to dismiss. *Marshall*, 2020 WL 8173022, at *4 (citing *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1024 (9th Cir. 2012)). At this stage, the Court assumes that the Business Center, and its parking lot, is at least partially open to the public. *See Marshall*, 2020 WL 8173022, at *4.

### iii. Whether Plaintiff has Accurately Pled Facts Regarding ADA Signage in the Parking Lot

Defendant alleges that it is impossible for Plaintiff to have seen ADA signage in front of a parking space at the Business Center in July and August 2020 because the ADA signage was put in place for the first time on January 21, 2021. Mot. 4. Defendant has also submitted several declarations in support of her claim. Decl. of Mike Miyaki; Decl. of Frank Rando; Decl. of Diana Rando. When determining whether Plaintiff has stated a claim, the Court accepts all well-pled factual allegations as true. *Reese*, 643 F.3d at 690. Therefore, it is inappropriate for the Court to resolve this factual dispute at this stage of the complaint.

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's ADA claim under Rule 12(b)(6).

## IV. UNRUH ACT CLAIM

A violation of the ADA constitutes a per se violation of the Unruh Act. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) ("[A] violation of the ADA is, per se, a violation of the Unruh Act."); *Ridola v. Chao*, No. 16-CV-02246-BLF, 2018 WL 2287668, at *11 (N.D. Cal. May 18, 2018) (applying *Lentini*). Defendant seeks dismissal of Plaintiff's Unruh Act claim on the same grounds as the ADA claim. Since the Court has determined Plaintiff's ADA claim may properly go forward, the Court DENIES Defendant's motion to dismiss Plaintiff's Unruh Act claim.

## IV. ORDER

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 15, 2021

_____
BETH LABSON FREEMAN
United States District Judge